UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CRIMINAL ACTION NO. 07-10283-RGS

CIVIL ACTION NO. 12-10898-RGS

TIMOTHY J. SILVIA

v.

UNITED STATES OF AMERICA

ORDER ON
PETITIONER'S MOTION TO VACATE,
SET ASIDE, OR CORRECT SENTENCE

July 27, 2012

STEARNS, D.J.

Timothy Silva, proceeding *pro se*, brings this petition to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.[1] Silvia argues that because of his counsel's ineffectiveness, he was improperly classified as a career offender for

---

[1] Section 2255 is not a substitute for direct appeal, but rather provides post-conviction relief in four limited instances: "if the petitioner's sentence was (1) imposed in violation of the Constitution, or (2) was imposed by a court that lacked jurisdiction, or (3) exceeded the statutory maximum, or (4) was otherwise subject to collateral attack." *David v. United States*, 134 F.3d 470, 474 (1st Cir. 1998). "The catch-all fourth category includes only assignments of error that reveal 'fundamental defect[s]' which, if uncorrected, will 'result[ ] in a complete miscarriage of justice,' or irregularities that are 'inconsistent with the rudimentary demands of fair procedure.'" *Id.*, quoting *Hill v. United States*, 368 U.S. 424, 428 (1962). In other words, a cognizable Section 2255 claim that does not raise constitutional or jurisdictional issues must reveal "exceptional circumstances" that compel redress. *Id.* The petitioner bears the burden of demonstrating an entitlement to relief. *Mack v. United States*, 635 F.2d 20, 26-27 (1st Cir. 1980).

purposes of sentencing. Putting aside the merits (which are dubious for the reasons stated by the government in its Opposition), the petition is manifestly untimely. The mandate in Silvia's case was issued by the Court of Appeals on December 29, 2010. The one-year statute of limitations under the most generous interpretation of the tolling effect of the certiorari period expired on March 29, 2012. The petition was not filed until May 18, 2012, almost two months after the limitations period ran.

## ORDER

For the foregoing reason, Silvia's motion to vacate, set aside, or correct his sentence is *DENIED*. The petition is *DISMISSED* as untimely with prejudice. The Clerk may now close the case.[2]

SO ORDERED.

/s/ Richard G. Stearns

_____
UNITED STATES DISTRICT JUDGE

---

[2] Petitioner is advised that any request for the issuance of a Certificate of Appealability pursuant to 28 U.S.C. § 2253 authorizing an appeal of this Order denying his motion to Vacate, Set Aside, or Correct Sentence/Conviction, is also prospectively *DENIED*, the court seeing no meritorious or substantial basis of support for such an appeal.