# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| TIMOTHY SILVIA )<br>    *Movant*, )<br> )<br>   v. )<br> )<br>UNITED STATES OF AMERICA, )<br>    *Respondent*. ) | Docket No. : **07-10283** |

### MOTION TO CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255 AND *Johnson v. United States*, 135 S. Ct. 2551 (2015), AND MOTION TO STAY.

Timothy Silvia, through undersigned counsel, respectfully moves this Court to vacate and correct his sentence pursuant to 28 U.S.C. § 2255 and *Johnson v. United States*, 135 S. Ct. 2551, 2563 (2015).  Post *Johnson*, Silvia is no longer a career offender and is entitled to a corresponding reduction in his sentence of incarceration.

Silvia previously filed a § 2255 motion in this Court. On May 24, 2016, Silvia, through undersigned counsel asked the First Circuit for permission to file a second petition pursuant to 28 USC. § 2255 in this Court. See *Timothy Silvia v. United States, No*. 16- 1655 (1st Cir.).  The First Circuit has not yet ruled on this request.  Silvia therefore further moves this Court for an order staying these proceedings until the First Circuit rules.

Should the application be ruled upon favorably by the First Circuit, Silvia will then file a memorandum in support.

A person is a career offender if "the instant offense of conviction is either a crime of violence or a controlled substance offense" and "the defendant has at least two prior … convictions of either a crime of violence or a controlled substance offense." U.S.S.G. § 4B1.1 (a). Silvia was sentenced as a career offender because he was convicted of a controlled substance offense and had four prior convictions that were counted as predicates . These convictions were: assault; assault and battery with a dangerous weapon; threatening to commit a crime and escape.

In *Johnson*, the Supreme Court struck the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e) (2) (B) (ii), as unconstitutionally vague. In *Welch v. United States*, 136 S. Ct. 1257 (2016), the Court held that *Johnson* is retroactive to cases on collateral review.

The residual clause of the career offender guideline, *see* U.S.S.G. § 4B1.2 (a) (2), is identical to the ACCA residual clause struck in *Johnson*.[1]  It follows that the rule in *Johnson* applies to the career offender residual

---

[1] Indeed the U.S. Sentencing Commission amended the "crime of violence" definition at §4B1.2 (a) in 1989 to adopt the ACCA's definition of "violent felony."  *See* USSG App. C, Amend. 268.

clause, and should be given retroactive effect. *See In re Hubbard,* No. 15-276, 2016 WL 3181417 (4th Cir. June 8, 2016); *Stork v. United States,* No. 15–2687, 2015 WL 5915990 (7th Cir. Aug. 13, 2015) (unpub.); *United States v. Ramirez*, No. 10-10008-WGY, 2016 WL 3014646 (D.Mass. May 24, 2016). In fact, effective in August, 2016, the career offender guideline will eliminate this residual clause.

The First Circuit Court has long opined that the "terms of 'crimes of violence' under the career offender guidelines and "violent felony" under the Armed Career Criminal Act are nearly identical . . . so that decisions construing one term inform the construction of the other." *United States v. Willings*, 588 F.3d 56 (1st Cir.2009) citing *United States v. Richards*, 456 F.3d 260 (1st Cir.2006). See also *United States v. Fields*, 2016 WL 2821485 (1st Cir. # 14-2137) (2016).

A **Assault or assault and battery are not crimes of violence.**

In 1988, at age 22, Silvia committed two counts of assault and battery and one count of assault and battery with a dangerous weapon. The "dangerous weapon" is not specified. [PSR ¶ 101].[2] The First Circuit determined that a Massachusetts crime of "assault and battery" is not a crime of violence. *United States v. Holloway,* 630 F.3d 252(1st Cir.2011). The

3

*Holloway* Court specifically held that the offense of assault and battery may not be classified as a violent crime because "reckless battery does not typically involve purposeful conduct and thus is not similar in kind to the offenses enumerated within § 924(e) (2) (B) (ii)". See *United States v. Fish*, 758 F.3d 1 (1st Cir. 2014), citing *United States v. Hart*, 674 F.3d33, 42 (1st Cir. 2012). Taking its cues from the highest court of Massachusetts, the Court, citing *Commonwealth v. Burno*, 396 Mass.622 (1986) noted that convictions may result from recklessness without an element of intentional physical force.

**B. Escape is not a crime of violence.**

Silvia lescaped from custody for which he was prosecuted criminally. [PSR ¶122].[3] Massachusetts General Laws, M.G.L. c 265 § 16, punishes a person when "one escapes or attempts to escape" from an institution or "fails to return from any temporary release." It does not include the use of violent physical force as an element and is therefore categorically not a violent felony. Before *Johnson,* the First Circuit ruled that the offense of "escape" fell within the residual clause of the ACCA, although it did not have force as an element. *United States v. Willings*, 588 F.3d 56, 59 (1st Cir.2009). Since

---

[3] Docket no.: 36729 in the Bristol Superior Court.

4

the residual clause is no longer valid, the crime of escape may not be classified as a violent offence.

## C.  The Mass, offense of Assault and Battery with a Dangerous Weapon

In 1995, at age thirty, he was convicted of two counts of assault and battery with a dangerous weapon, one count of assault and battery and one count of threats. The dangerous weapon is specified as a knife. [PSR ¶121].[4] When he was thirty seven years old, he pled guilty to assault and battery and assault with a dangerous weapon – a pool stick. [PSR¶ 125]. [5]This Court previously held that the Massachusetts crime of assault and battery with a dangerous weapon is categorically a violent felony under the force clause. *United States v.Whindleton*, 797 F.3d 105 (1st Cir. 2015). It has recently reaffirmed that "assault with a dangerous weapon," is a crime of violence. *United States v. Hudson*, 2016 WL 2821093(05/09/2016). This logic is flawed for the reasons set out below. Assault by means of a dangerous weapon ("ADW"), M.G.L. c 265 § 15(B) (b), adds the additional element that the assault was perpetrated by means of a dangerous weapon. Massachusetts defines an assault (and therefore ADW) as either an attempted or threatened battery, *Commonwealth v. Porto*, 458 Mass 526, 530

---

[4] Docket no.:36725-30 in Bristol Superior Court.
[5] Docket NO. 02-1103 in Bristol Superior Court.

5

(2010) (citing *Commonwealth v. Richards*, 363 Mass 299, 303 (1973).1*Commonwealth v. Melton*, 436 Mass. 291, 763 N.E.2d 1092, 1096 (2002). The term "dangerous Weapon" does not imply that the instrument has an inherent potential force but can be any quotidian object. The Supreme Judicial Court of Massachusetts held that a small utility knife or a pocket knife is not a dangerous weapon as it is not designed for the purpose of bodily assault or defense. *Commonwealth v. Delaney*, 442 Mass 604 (2004). The criminal complaints in these cases, the only documents authorized by *Shepard v. United States*, 544 U.S. 13 (2005), do not specify the type of knife used. Under the principle of lenity, the ambiguity must be resolved in the defendant's favor. One form of battery (an intentional offensive battery) occurs upon "a mere touching, however slight." *Porro*, 458 Mass. at 529 (citing *Commonwealth v. McCan*, 277 Mass 199, 203(1931)). Contrary to Massachusetts law, the panel in *Whindleton* combined attempted and threatened battery into a single element. *Whindleton*, 797 F.3d at 114. The SJC has reiterated that the attempted battery form of assault requires the intent to commit a battery, an overt step towards accomplishing the battery, and a reasonably near completion of the battery. *Porro*, 458 Mass. at 530-31. "An assault under a theory of attempted battery, therefore, has elements different from an assault under a theory of threatened battery." *Porro*, 458

6

Mass. at 531. *United States v. Martinez*, 762 F.3d 127, 138 (1st Cir. 2014) (holding that simple assault encompasses an attempted or threatened touching if offensive). Because a battery encompasses a mere touching, Massachusetts ADW and ABDW fails to qualify as a violent felony under the ACCA's force clause. The force clause requires the use of physical force against the person of another. 18 U.S.C. § 924(e) (2) (B) (i).

    Federal courts applying the ACCA are "bound by the [state court's] interpretation of state law, including its determination of the elements [of the offense]." *Johnson I*, 559 U.S. at 138. *Whindleton's* analysis—which found that the dangerous weapon element "imports the 'violent force' required by *Johnson*"— overlooks Massachusetts law with respect to ADW. That is, ADW can occur upon an attempted or threatened touching, however slight, with a dangerous weapon. The First Circuit asserts that ADW is necessarily a violent crime because conviction requires "proof of an overt act undertaken with the intent of putting another person in fear of bodily harm and reasonably calculated for that purpose, whether or not the defendant actually intended to harm the victim." *Hudson* at 5 citing *Commonwealth v. Porro*, 458 Mass. 526 (Mass.2010). However, nothing requires that the harm be violent - that it causes physical pain or injury. "The dangerousness of an object that is not inherently dangerous turns on the manner in which it is

used (objective test), not the intention of the actor when using it (subjective test)." *Com. v. Connolly*, 49 Mass. App. Ct.424, 425 (2000). This approach contradicts the categorical approach since the accepted documents do not articulate the manner in which it is used.   As a result, ADW is not categorically a violent felony under the ACCA force clause. *See United States v. Fish*, 758 F.3d 1, 9 (1st Cir. 2014) (holding that ABDW is not a crime of violence under 18 U.S.C. § 16 because a "touching however slight … does not have as an element the use of physical force.").

### D. THREATS ARE NOT A CRIME OF VIOLENCE.

Threatening to commit a crime does not have, as an element, the use of force of violence. Violent words alone may not be included in this category.  The statutory or crime encompasses several offenses at least one of which is not a violent crime, M.G.L. c. 140, § 121; c. 269, § 10G. Massachusetts Courts have already determined that threats are not a violent crime under the categorical analysis. Com. v. Colon, 81 Mass. App. Ct. 8, 958 N.E.2d 56 (2011).

For these reasons, the prior convictions are no longer crimes of violence because none satisfy the "force clause," *see* U.S.S.G. § 4B1.2 (a)(1), nor qualify as enumerated offenses, s*ee U.S.S.G.* § 4B1.2 (a) (2).

## CONCLUSION

Post-*Johnson* Silvia is not a career offender and he therefore moves this Court to vacate his sentence and resentence him accordingly. He further moves this Court for an order staying these proceedings until the First Circuit has ruled on his application to file a second or successive § 2255 motion. Thereafter, Silvia will file a memorandum in support.

_/s/ Lenore Glaser_____.
Lenore Glaser, Esq. B.B.O. # 194220
45 Bromfield St., Suite 500
Boston, MA. 02108
617 753-9988
lglaser@glaser-law.com

## VERIFICATION

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on June 24, 2016.
_/s/ Lenore Glaser_____.
Lenore Glaser, Esq. B.B.O. # 194220
45 Bromfield St., Suite 500
Boston, MA. 02108
617 753-9988
lglaser@glaser-law.com

## CERTIFICATE OF SERVICE

I, Lenore Glaser, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on June 24, 2016. A copy will be sent to Timothy Silvia at his current residence.
_/s/ Lenore Glaser_____.