AO 243 (Rev. 09/17)

MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT
SENTENCE BY A PERSON IN FEDERAL CUSTODY

| United States District Court | District | |
|---|---|---|
| Name *(under which you were convicted):* Timothy J. Silvia | | Docket or Case No.: 1:07 CR 10283-001-RGS |
| Place of Confinement: Coleman USP-1 | | Prisoner No.: 26601-038 |
| UNITED STATES OF AMERICA          v. | | Movant *(include name under which you were convicted)* Timothy J. Silvia |

**MOTION**

1. (a) Name and location of court which entered the judgment of conviction you are challenging: United States District Court For The District of Massachusetts (Boston Division)

   (b) Criminal docket or case number (if you know): 1:07 CR 10283-001-RGS

2. (a) Date of the judgment of conviction (if you know): 9-2-09

   (b) Date of sentencing: 8-26-09

3. Length of sentence: 262 months

4. Nature of crime (all counts): 21 U.S.C. 846

   *[stamp: U.S. DISTRICT COURT DISTRICT OF MASS. 2022 FEB -7 PM 2:54 FILED IN CLERKS OFFICE]*

5. (a) What was your plea? (Check one)
   (1) Not guilty ☐      (2) Guilty ☑      (3) Nolo contendere (no contest) ☐

6. (b) If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, what did you plead guilty to and what did you plead not guilty to?

6. If you went to trial, what kind of trial did you have? (Check one)      Jury ☐      Judge only ☐

7. Did you testify at a pretrial hearing, trial, or post-trial hearing?      Yes ☐      No ☑

AO 243 (Rev. 09/17)

8. Did you appeal from the judgment of conviction?       Yes ✓       No ☐

9. If you did appeal, answer the following:

   (a) Name of court: United States Court of Appeals for the First Circuit

   (b) Docket or case number (if you know): 09-2248

   (c) Result: Judgment Affirmed

   (d) Date of result (if you know): 12-8-10

   (e) Citation to the case (if you know): United States v. Silvia, No. 09-2248 (1st Cir. 2010)

   (f) Grounds raised: (1) That Petitioner's "History and Characteristics" warranted a downward variance from the Guidelines Range; and (2) The need "to provide just punishment" warranted a downward variance from the Guidelines Range."

   (g) Did you file a petition for certiorari in the United States Supreme Court?       Yes ☐       No ✓

   If "Yes," answer the following:

   (1) Docket or case number (if you know): _____

   (2) Result: _____

   (3) Date of result (if you know): _____

   (4) Citation to the case (if you know): _____

   (5) Grounds raised:

10. Other than the direct appeals listed above, have you previously filed any other motions, petitions, or applications, concerning this judgment of conviction in any court?
    Yes ✓       No ☐

11. If your answer to Question 10 was "Yes," give the following information:

    (a) (1) Name of court: United States District Court For The District of Massachusetts

    (2) Docket or case number (if you know): Civ. Case No. 1:12-CV-10898

    (3) Date of filing (if you know): 5-18-12

AO 243 (Rev. 09/17)

(4) Nature of the proceeding: Motion to Vacate under 28 U.S.C. 2255

(5) Grounds raised: That Petitioner's Conviction and Sentence was in violation of the Constitution and laws of the United States in light of ~~Johnson v. United States, 559 U.S. 133, (2010).~~ an ineffective assistance of counsel.

(6) Did you receive a hearing where evidence was given on your motion, petition, or application?

Yes ☐   No ☑

(7) Result: Motion denied/dismissed

(8) Date of result (if you know): 7-27-12 (denied); 7-30-12 (dismissed)

(b) If you filed any second motion, petition, or application, give the same information:

(1) Name of court:

(2) Docket of case number (if you know):

(3) Date of filing (if you know):

(4) Nature of the proceeding:

(5) Grounds raised:

(6) Did you receive a hearing where evidence was given on your motion, petition, or application?

Yes ☐   No ☐

(7) Result:

(8) Date of result (if you know):

(c) Did you appeal to a federal appellate court having jurisdiction over the action taken on your motion, petition, or application?

(1) First petition:   Yes ☑   No ☐

(2) Second petition:   Yes ☐   No ☐

(d) If you did not appeal from the action on any motion, petition, or application, explain briefly why you did not:

AO 243 (Rev. 09/17)

12. For this motion, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground. Any legal arguments must be submitted in a separate memorandum.

**GROUND ONE:** Petitioner is "Actually Innocent" as to the Career Offender Guidelines in light of Borden v. United States, 141 S. Ct. 1817 (2020).

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): Petitioner's prior convictions under Massachusetts Assault and Battery, Assault and Battery with a Dangerous Weapon, Assault with a Dangerous Weapon, Threats, Discharging a Firearm within 500 feet of a Building, and Escape, do not categorically qualify as Crimes of Violence predicates for the Career Offender enhancement, because there is either a "mens rea" requirement of "recklessness," or the offense(s) can be committed without an act of violence in each of those priors.

(b) **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue?
Yes ☐    No ☑

(2) If you did not raise this issue in your direct appeal, explain why: The instant Borden claim was not reasonably available to petitioner at the time of his initial appeal.

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?
Yes ☐    No ☑

(2) If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion, petition, or application?
Yes ☐    No ☐

AO 243 (Rev. 09/17)

(4)  Did you appeal from the denial of your motion, petition, or application?

Yes ☐    No ☐

(5)  If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

Yes ☐    No ☐

(6)  If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available):

_____

(7)  If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this
issue:

**GROUND TWO:** In light of Borden, Petitioner's instant 21 U.S.C. 846 conviction does not qualify, categorically, as a controlled substance offense.

(a)  Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): Borden's reiteration of the "categorical approach" establishes that the 21 U.S.C. 846 statute can be violated simply by "an agreement" to possess with intent to distribute a controlled substance without ever committing a controlled substance offense, the same way a person can violate the conspiracy to commit Bank robbery or Conspiracy to commit Hobbs Act robbery statutes without ever committing a crime of violence as defined under federal law.

(b)  **Direct Appeal of Ground Two:**

(1)  If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐    No ☑

AO 243 (Rev. 09/17)

    (2)  If you did not raise this issue in your direct appeal, explain why: The instant claim was not reasonably available at the time of Petitioner's appeal.

_____

(c)  **Post-Conviction Proceedings:**

    (1)  Did you raise this issue in any post-conviction motion, petition, or application?

        Yes ☐     No ☑

    (2)  If you answer to Question (c)(1) is "Yes," state:

    Type of motion or petition: _____

    Name and location of the court where the motion or petition was filed:

    _____

    Docket or case number (if you know): _____

    Date of the court's decision: _____

    Result (attach a copy of the court's opinion or order, if available):

    _____

    (3)  Did you receive a hearing on your motion, petition, or application?

        Yes ☐     No ☐

    (4)  Did you appeal from the denial of your motion, petition, or application?

        Yes ☐     No ☐

    (5)  If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

        Yes ☐     No ☐

    (6)  If your answer to Question (c)(4) is "Yes," state:

    Name and location of the court where the appeal was filed:

    _____

    Docket or case number (if you know): _____

    Date of the court's decision: _____

    Result (attach a copy of the court's opinion or order, if available):

    _____

    (7)  If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

_____

AO 243 (Rev. 09/17)

**GROUND THREE:** The government's failure to provide its findings of facts and conclusions of law as to Career offender enhancement constitutes a miscarriage of justice.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): It bears emphasis that this Ground is an "Amendment" that "Relates Back" to Grounds One and Two of this petition. When the United States Probation Office prepared the Presentence Investigation Report identifying Petitioner as a Career Offender, it listed all of Petitioner's prior Convictions, but did not specify which of these Convictions were either Crimes of violence or controlled substance offenses. Instead, the PSR Stated the following: "As detailed above, the defendant is a Career Offender as he has at least two prior felony Convictions of either a Crime of violence or an applicable controlled Substance offense (See Attachment)

(b) **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐   No ☑

(2) If you did not raise this issue in your direct appeal, explain why: Petitioner's attorneys provided ineffective assistance of counsel by failing to identify this error at Sentencing and on appeal.

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐   No ☑

(2) If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed: _____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

(3) Did you receive a hearing on your motion, petition, or application?

Yes ☐   No ☐

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ☐   No ☐

(5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

Yes ☐   No ☐

Timothy Meregildo

Motion under 28 U.S.C. 2255 (Attachment)

Ground Three (Cont'd): counted separately under the provisions of U.S.S.G. 4A1.1 (a), (b), or (c) (See offenses specified in paragraphs 101, 121, 122, and 125)." (quoting PSR at SA65). On the contrary, paragraphs 101, 121, 122, and 125 of the PSR only displays an array of prior convictions, never "specifying" which, if any, of these priors were either a crime of violence or controlled substance offense. See PSR at SA52, SA62, SA63, and SA64. At sentencing, the government failed to voice any objection that the sentencing court had not made any findings as to which of petitioner's convictions were predicates for the Career Offender enhancement or whether the crimes were committed on occassions different from one another. In light of this discrepancy, Petitioner's current designation as a Career Offender constitutes a miscarriage of justice.

AO 243 (Rev. 09/17)

(6)   If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available):

_____

(7)   If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

_____

**GROUND FOUR:** The district court lacked jurisdiction to impose sentence under the Career Offender Guidelines.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): Based on the facts set forth in Grounds One, Two, and Three of this Petition, there is an absence of facts that are prerequisites for the Career Offender Sentence given to Petitioner in this case, precluding the district court of jurisdiction to impose sentence under this Guideline.

(b) **Direct Appeal of Ground Four:**

(1)   If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐      No ☑

(2)   If you did not raise this issue in your direct appeal, explain why: The instant claims were not reasonably available to Petitioner at the time of appeal.

(c) **Post-Conviction Proceedings:**

(1)   Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐      No ☑

(2)   If you answer to Question (c)(1) is "Yes," state:

AO 243 (Rev. 09/17)

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed:

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available):

_____

(3) Did you receive a hearing on your motion, petition, or application?

    Yes ☐    No ☐

(4) Did you appeal from the denial of your motion, petition, or application?

    Yes ☐    No ☐

(5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

    Yes ☐    No ☐

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available):

_____

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

_____

13. Is there any ground in this motion that you have <u>not</u> previously presented in some federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them: Grounds One, Two, Three, and Four of this motion were not previously presented in federal court because these claims were either not reasonably available to Petitioner before, or Petitioner's trial/appellate counsel provided ineffective assistance of counsel by failing to recognize them.

_____

AO 243 (Rev. 09/17)

14. Do you have any motion, petition, or appeal <u>now pending</u> (filed and not decided yet) in any court for the you are challenging?    Yes ☐    No ☑

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised.

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At the preliminary hearing: Jessica Diane Hedges, 15 Broad Street, Boston, MA. 02109.

(b) At the arraignment and plea: Jessica Diane Hedges, 15 Broad Street, Boston, MA. 02109.

(c) At the trial: N/A

(d) At sentencing: Anthony M. Cardinale, 655 Summer Street, Boston, MA. 02210.

(e) On appeal: Megan Barbero, 60 State Street, Boston, MA. 02109.

(f) In any post-conviction proceeding:
N/A

(g) On appeal from any ruling against you in a post-conviction proceeding:

N/A

16. Were you sentenced on more than one court of an indictment, or on more than one indictment, in the same court and at the same time?    Yes ☐    No ☑

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?    Yes ☐    No ☑

(a) If so, give name and location of court that imposed the other sentence you will serve in the future:

(b) Give the date the other sentence was imposed: _____

(c) Give the length of the other sentence: _____

(d) Have you filed, or do you plan to file, any motion, petition, or application that challenges the judgment or sentence to be served in the future?    Yes ☐    No ☐

AO 243 (Rev. 09/17)

Therefore, movant asks that the Court grant the following relief: Vacate or Set Aside the current Conviction and Sentence, and Remand for resentencing without the Career Offender designation...

or any other relief to which movant may be entitled.

_____

Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Motion under 28 U.S.C. § 2255 was placed in the prison mailing system on _____1/26/22_____.

(month, date, year)

Executed (signed) on _____1/26/22_____ (date)

_____

Signature of Movant

If the person signing is not movant, state relationship to movant and explain why movant is not signing this motion.

18.　TIMELINESS OF MOTION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not bar your motion.*

Please See Memorandum

---

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2255, paragraph 6, provides in part that:

A one-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of –

　(1)　the date on which the judgment of conviction became final;

　(2)　the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if movant was prevented from making such a motion by such governmental action;

　(3)　the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

　(4)　the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Title of Document:
28 U.S.C. 2255 Motion

## Memorandum of Law

Timeliness of Motion (Cont'd):

Borden v. United States, was unavailable to Petitioner within one year after his conviction became final. 141 S. Ct. 1817 (2020). Moreover, Borden is not a new constitutional rule made retroactive on collateral review under the "AEDPA." Instead, Borden is a "watershed rule...of criminal procedure" implicating fundamental fairness mandating procedures central to an accurate determination of innocence or guilt, made retroactive under the "Teague doctrine," which in this case, relates to culpability involving those who have been enhanced for prior convictions deemed a "crime of violence" even though there was a mens rea of "recklessness" required in those priors. See Teague v. Lane, 489 U.S. 288, 310-11 (1989) (plurality opinion). Based on the foregoing, the one-year statute of limitations does not bar this motion.

Petitioner's Instant Section 2255 Motion

In light of Borden, Petitioner's "numerically second motion" is "not" an "unauthorized second or successive", therefore, Section 2255(h)'s gatekeeping provision does not apply in this case. See Panetti v. Quarterman, 551 U.S. 930, 943-44 (2007) (explaining that the phrase "second or successive" is not self-defining and does not refer to all habeas applications filed second or successive in time).

(next page)

1

Memorandum of Law (Continued)

Fed. R. Civ. P. 15

Finally, Grand Three of Petitioner's instant 28 U.S.C. 2255 Motion is an "Amendment" that "asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out — or attempted to be set out — in the original pleading." See Fed. R. Civ. P. 15(c)(1)(B).

Certificate of Service

I Hearby Certify that the original, plus two copies of the foregoing was sent, via institutional legal mail procedures, to the Clerk of this Court pursuant to the Rules set forth in Section 2255.
I Further Certify under penalty of perjury that the foregoing is true and accurate.

Respectfully submitted this      day of January, 2022.

Timothy J. Silvia
Coleman USP-1
P.O. Box 1033
Coleman, FL. 33521-1033

Signature:

2