## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **v.** | ) | **Crim. No.  07cr10283-RGS** |
| | ) | |
| **TIMOTHY J. SILVIA,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## <u>MOTION TO DISMISS PETITION FOR LACK OF JURISDICTION</u>

Defendant Timothy Silvia has filed a petition pursuant to 28 U.S.C. § 2255 seeking to challenge his prior sentence of 262 months by relying on the Supreme Court decision in <u>Borden v. United States</u>, 141 S.Ct. 1817 (2021).  <u>See</u> Doc. No. 181.  Defendant's petition should be dismissed because the Court does not have jurisdiction over the petition.

Defendant concedes in his petition that he has filed at least one prior petition pursuant 28 U.S.C. § 2255.  <u>See</u> Def. Pet. at pp. 3-4.[1]  Thus, this is a second or successive petition by Defendant.  "A federal prisoner seeking to file a second or successive § 2255 petition must first obtain authorization from the court of appeals to do so."  <u>Bucci v. U.S.</u>, 809 F.3d 23, 25 (1st Cir. 2015); <u>Ellis v. United States</u>, 446 F.Supp.2d 1, 3 (D.Mass. 2006) ("'[b]efore a second or successive application … is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.'" ) (citation omitted); <u>see also</u> <u>United States v. Filpo</u>, 2019 WL 12070283 at *2 (D.Mass. Sept. 9,

---

[1] In his petition, Defendant notes one prior § 2255 petition filed in 2012.  <u>See</u> Doc. No. 142.  The 2012 petition was dismissed as untimely by this Court.  <u>See</u> Doc. No. 147.  Another § 2255 petition was filed in 2016 in which counsel for Defendant noted that it was a second or successive petition that would need authorization from the Court of Appeals.  <u>See</u> Doc. No. 162. No authorization was granted for that petition.

2019) ("Under 28 U.S.C. § 2255(h), a district court cannot entertain such a second or successive petition unless it is first certified by a panel of the appropriate court of appeals").  Based upon a review of the docket, Defendant has not sought or received certification from the Court of Appeals for this petition.  "These requirements 'strip[] the district court of jurisdiction over a second or successive petition unless and until the court of appeals has decreed that it may go forward.'"  Ellis, 446 F.Supp.2d at 3 (quoting Pratt v. United States, 129 F.3d 54, 57 (1st Cir. 1997)); see also Claudio-Pantojas v. United States, 2020 WL 6385973 at *1 (1st Cir. 2020) ("The instant motion for relief pursuant to 28 U.S.C. § 2255 is the petitioner's second such motion. Accordingly, the district court lacked jurisdiction to rule on it.").  Thus, this Court lacks jurisdiction over the Defendant's petition.  See Bucci, 809 F.3d at 26.

"[I]t is well-settled in this circuit that a district court faced with an unapproved second or successive petition may either 'dismiss it … or transfer it to the appropriate court of appeals.'" Ellis, 446 F.Supp.2d at 3 (citation omitted).  "[A] transfer for lack of jurisdiction may be accomplished 'if it is in the interest of justice.'"  Id. (citation omitted); Bucci, 809 F.3d at 26. Defendant has not, and cannot, establish the legal basis for authorization for a successive petition.  "Such authorization is available only when the second or successive petition is based either on (1) newly developed evidence that would establish innocence or (2) a new rule of constitutional law made retroactive on collateral review by the Supreme Court.  28 U.S.C. § 2255(h)."  Bucci, 809 F.3d at 26.  Defendant does not claim any newly developed evidence as to his innocence.  As to the second ground, the Fifth Circuit recently found that "Borden does not provide a basis on which [the defendant] may obtain authorization under § 2255(h)(2) because it did not announce a new rule of constitutional law, but instead addressed a question of statutory

2

construction." In re Rodriguez, 18 F.4th 841, 841-42 (5th Cir. 2021); see also McCoy v. United States, 2021 WL 5179138 at *2 (D.Utah Nov. 11, 2021) ("Petitioner's reliance on Borden fails because it did not announce a 'new rule of constitutional law.'  Instead, Borden concerned the interpretation of a statute … Therefore, it is not in the interests of justice to transfer Petitioner's Motion and it will be dismissed without prejudice."); United States v. Myers, 2021 WL 5496850 at *3 (N.D.Okl. Nov. 23, 2021) ("the Supreme Court did not expressly make Borden retroactively applicable to cases on collateral review, and this Court finds that Borden did not articulate a new rule of constitutional law; rather Borden clarified a statutory interpretation issue") (dismissing motion).

This Court lacks jurisdiction over Defendant's petition and the petition should be dismissed.  The government requests the opportunity to respond more fully to the merits of the petition if the Court does not grant this Motion to Dismiss for Lack of Jurisdiction.

Respectfully submitted,

RACHEL S. ROLLINS
United States Attorney

Date: March 25, 2022                    By: /s/ Michael Crowley
MICHAEL CROWLEY
Assistant U.S. Attorney

## <u>CERTIFICATE OF SERVICE</u>

     I, Michael J. Crowley, Assistant United States Attorney, do hereby certify that this document, filed through ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and that paper copies will be sent to those indicated as non-registered participants on this date.

*/s/ Michael J. Crowley*
MICHAEL J. CROWLEY
Assistant U.S. Attorney
