United States District Court
District of Massachusetts

Timothy Silvia
v.
United States of America

IN CLERKS OFFICE
2024 JUL -1 PM 1:51
U.S. DISTRICT COURT
DISTRICT OF MASS.

Case No: 07-10283 RGS

## 821 Amendment

Come now, Movant pursuant (821 Amendment). Movant is a layman of the law, unskilled in the law, and therefore request that this motion; be construed liberally. Haines v. Kerner, 404 U.S. 519 (1972).

This court has jurisdiction, wherefore the defendant was charged and adjudicated guilty in the same district therein this motion is currently filed. See Judgement of Commitment.

1)

## Summary of Case

On about July 30, 2007 the movant was indicted and charged with the following statutes. 21 U.S.C § 846, 18 U.S.C § 922(g)(1) 18 U.S.C. 924(c)(1) and 21 U.S.C. § 853

The defendant was later found guilty, and was then sentenced to 262 months. <u>See</u> Judgement of Commitment.

## Jurisdiction

The movant now moves this Honorable Court in regards to new legislation of the U.S.S.G. * Amendment 821, wherefore the movant was given extra points, for prior convictions, therefore enhancing his sentence to greator penalities

(2)

PUNISHMENTS. THIS CHANGE OF LAW IS RETROACTIVE, WHEREFORE THE MOVANT APPEARS BEFORE THIS COURT VIA THE 821 AMENDMENT, IN WHICH THE MOVANT ASK THIS COURT TO CONSIDER HIS (PSR) PRE-SENTENCE REPORT AND THE DESIGNATION(S) BY THE PRE-SENTENCE COMMITTEE, WHICH DESIGNATED THE DEFENDANT AS A CAREER-CRIMINAL.. THE POINTS IN QUESTION IS THE (2) POINTS IN WHICH THE DEFENDANT WAS GIVEN FOR THE SENTENCE IMPOSED ON 10/17/03 IN BRISTOL SUPERIOR COURT, PURSUANT TO U.S.S.G. § 4A1.1(d) AND THE (1) POINT FOR WHICH THE DEFENDANT WAS GIVEN; WHEREAS THE INSTANT OFFENSE WAS LESS THAN TWO YEARS, FROM THE SAME CONVICTION IMPOSED BY BRISTOL SUPERIOR COURT 10/17/03, THESE (3) POINTS ENHANCED THE DEFENDANT CRIMINAL HISTORY POINTS TO A TOTAL OF 35/CATEGORY

(3)

VI.   In respect to the adjustment of points, the movant had a total of (29) total criminal points, in which the (3) points moved to a total of (32) points. Because of the career offender status, his points was increased to level (37) and later reduced to level (34) after accepting responsibility.

Movant argues, that the (3) points minus would have adjusted his points with the career offender adjustment to a total of (34) points, and with (3) points reduction he would have been sentenced at a level (31) instead of (34). <u>See</u>. PSR/Sentencing Commitment.

(4)

<u>HERE</u> THE DEFENDANT AVERS, THAT THE (821 AMENDMENT) NOW ALLOWS THE COURT TO CONSIDER WHAT MITIGATING FACTORS ARE APPROPRIATE IN ESTABLISHING THE SENTENCING SCHEME FOR EACH OFFENSE, AND THAT (ANY)THING OUTSIDE OF THE INSTANT OFFENSE, SHOULD NOT INCREASE A SENTENCE. <u>SEE</u> 3553(a) <u>SENTENCING FACTORS</u>.

BECAUSE THE DEFENDANT WAS SENTENCE PRIOR TO THE <u>NEW LEGISLATION</u>, HIS SENTENCE FALLS IN THE CATEGORY OF [COVER ACTS], WHEREFORE HIS SENTENCE WAS ENHANCED BY THE OLD SENTENCING SCHEME, OF ENHANCED PUNISHMENTS FOR PRIOR OFFENSE.

## CONCLUSION

DEFENDANT, NOW ASK THE COURT TO

(5)

APPOINT COUNSEL, WHEREFORE HE IS UNABLE TO NAVIGATE THRU THE MURKY LANGUAGE OF THE LAW, AND TO AID IN HIS ARGUMENT OF THE NEW LAW.... AND THAT THE COURT WILL ENSURE THAT THE DEFENDANT HAS <u>DUE PROCESS</u>, AND THE <u>EQUAL PROTECTION OF THE LAW</u>, GURANTEED BY THE <u>5TH</u> / <u>6TH</u> AND <u>14TH</u> AMENDMENTS - U.S. CONSTITUTION.

## RELIEF SOUGHT

DEFENDANT DO PRAY THAT THE COURT MODIFY HIS SENTENCE, APPLYING THE NEW LEGISLATION OF (COVER ACTS) AND THAT RELIEF IS SWIFT AND WITHOUT DELAY. DEFENDANT NOW APPEARS BEFORE GOD AND COUNTRY.

(6)

## CERTIFICATE OF SERVICE

I <u>Timothy Silvia</u>, do swear that a copy of this motion was given to institutional staff at (FCI-Coleman P.O. Box 1032 Coleman FL 33521, to be mailed to Clerk of Court at   c/o Clerk of Court One Courthouse Way #2300, Boston MA 02210-3002.

6/23/24
DATE

Timothy Silvia  26601-038
SIGNATURE

Timothy J. Silvia
FCI Coleman Med
P.O. Box 1032
Coleman FL 33521
Reg. No: 26601-038

(7)